## JUSTUS PERRY *versus* LEWIS PAGE.

A justice of the peace may render a judgment upon a confession under the statute of December 20, 1808, for a sum exceeding thirteen dollars and thirty four cents.

DEBT upon a judgment rendered by a justice of the peace in this county on the 27th September, 1819, in favor of the plaintiff, against the defendant, for $122,32 debt, and 1,60 costs of suit.

The cause was tried here at October term, 1829, and a verdict taken, by consent, for the plaintiff, subject to the opinion of the court upon the following case.

On the 27th September, 1819, Page, the defendant, went before Foster Alexander, one of the justices of the peace in this county, and confessed that he was indebted

to the plaintiff in the sum of $122,32, and consented, that a record of such confession should be made, which was accordingly done. And the justice, in pursuance of the provisions of the statute of December 20, 1808, entered up judgment upon the said confession, and this action is founded upon the said judgment.

*Wilson, Jr.*, and *J. Parker*, for the defendant, contended that the verdict ought to be set aside, because, by the constitution, the jurisdiction of justices of the peace in civil causes is not to exceed four pounds, and the justice, in this case, had no authority to render the judgment. The proceedings are therefore void.

If the acts of the justice, in making the record, are to be considered merely ministerial, and done by the agreement of the parties, and not as an exercise of judicial power, then there was no judgment, and the evidence did not support the declaration.

*Edwards*, for the plaintiff, relied upon the case of *Hayes* v. *Bennett*, 2 N. H. Rep. 422, as an authority to show that the justice had jurisdiction to render the judgment on which the action was founded.

*By the court.* We are of opinion, that the justice of the peace had authority to render the judgment, on which this action is founded. His authority, in this instance, stands upon the same ground as his authority to render a judgment upon a report of referees, and as the subject is fully explained in the case, to which we have been referred by the plaintiff's counsel, no further explanation is now necessary.

In Massachusetts, the statute gives to the recognizance the effect of a judgment, but there is no judgment upon it by the justice of the peace. *Green* v. *Dana*, 13 Mass. Rep. 493. Debt upon the recognizance is the proper remedy there, but here the action must be debt upon the judgment.

*Judgment for the plaintiff.*